IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| EXPRESS MOBILE, INC.,<br><br>   *Appellant*,<br><br>v.<br><br>META PLATFORMS, INC., FKA FACEBOOK, INC., ATLASSIAN CORP. LTD, FKA ATLASSIAN CORP. PLC, ATLASSIAN US, INC., FKA ATLASSIAN, INC., EBAY, INC., EXPEDIA, INC., HOMEAWAY.COM, INC., PINTEREST, INC., SQUARESPACE, INC., WIX.COM, LTD, WIX.COM, INC., GOOGLE LLC,<br><br>   *Appellees*. | No. 23-1645 |

**EXPRESS MOBILE, INC.'S MOTION TO DIMSISS APPEAL AS MOOT AND TO VACATE UNDERLYING DECISION**

Pursuant to Fed. R. App. P. 27 and this Court's Rule 27(f), appellant Express Mobile, Inc. moves to dismiss the above-captioned appeal as moot and to vacate the underlying decision of the Patent Trial and Appeal Board ("PTAB"). This appeal concerns only claim 1 of Patent No. 6,546,397 (the "'397 patent"). That claim was also challenged in another proceeding before the Patent and Trademark Office ("PTO") and cancelled as a result. Consequently, this appeal is now moot. Express Mobile respectfully requests that the appeal be dismissed. The Court should also follow its "established practice" of vacating the underlying PTAB decision where an appeal becomes moot during pendency of the appeal. *Evans v. United States*, 694 F.3d 1377, 1381 (Fed. Cir. 2012).

1

Express Mobile consulted with counsel for Appellees Meta Platforms, Inc., Atlassian Corp. Ltd., Atlassian US, Inc., eBay, Inc., Expedia, Inc., Homeaway.com, Inc., Pinterest, Inc., Squarespace, Inc., Wix.com, Ltd., Wix.com, Inc., and Google LLC (collectively, "Appellees") regarding this motion. While counsel for Appellees promptly responded to Express Mobile's communication, at the time of the filing of this motion they had not yet indicated whether they will file an opposition.

**I.     THIS APPEAL IS NOW MOOT**

On November 25, 2020, a third party requested *ex parte* reexamination of the '397 patent, including claim 1. *See In re: Express Mobile*, No. 23-1076, 2024 WL 2747287, at *2 (Fed. Cir. May 29, 2024). The PTAB found claim 1 unpatentable, but upheld all other claims. *Id.* Express Mobile timely appealed to this Court. *See generally In re: Express Mobile, Inc.* (No. 23-1076) (the "Reexam Appeal").

On July 6, 2021, while those proceedings were ongoing, petitioners in this case sought *inter partes* review of claim 1 of the '397 patent, based on different prior art. Appx157-239.[1] The PTAB found claim 1 unpatentable. Appx1-46. Express Mobile appealed to this Court, resulting in the current appeal (No. 23-1645) (the "IPR Appeal").

This Court decided the Reexam Appeal first. It affirmed the PTAB's ruling that claim 1 was unpatentable. *See Express Mobile*, 2024 WL 2747287, at *3-6.

---

[1] Citations to "Appx" refer to the joint appendix filed at Dkt. 57.

Subsequently, on October 3, 2024, the PTO issued an *Ex Parte* Reexamination Certificate confirming the patentability of the other challenged claims but cancelling claim 1 of the '397 patent. *See Ex Parte* Reexamination Certificate, Request No. 90/014,615 (Oct. 3, 2024), available at https://patentcenter.uspto.gov/applications/90014615/ifw/docs.

Because claim 1 was the only claim at issue in this IPR Appeal, and that claim has been "finally cancelled" by the PTO, this appeal is moot and must be dismissed. *Best Med. Int'l, Inc. v. Elekta, Inc.*, 46 F.4th 1346, 1351 (Fed. Cir. 2022); *see Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).

## II. THIS COURT SHOULD VACATE THE PTAB DECISION BELOW PURSUANT TO ITS "ESTABLISHED PRACTICE" UNDER *MUNSINGWEAR*

"When a case becomes moot on appeal," this Court's "'established practice' is to vacate the decision below with a direction to dismiss." *Evans v. United States*, 694 F.3d 1377, 1381 (Fed. Cir. 2012) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). That practice enhances fairness by ensuring "that 'those who have been prevented from obtaining the review to which they are entitled are not treated as if there had been a review'" and "'prevent[ing] an unreviewable decision from spawning any legal consequences.'" *SynQor, Inc v. Vicor Corp.*, 988 F.3d 1341, 1355 (Fed. Cir. 2021) (cleaned up) (quoting *Munsingwear*, 340 U.S. at 39; *Camreta v. Greene*, 563 U.S. 692, 713 (2011)).

This Court follows the practice of vacating the decision below in appeals from administrative-agency decisions, including those of the PTAB. *See SynQor, Inc. v. Vicor Corp.*, Case No. 20-1259, 2022 WL 2187567, at *2 (Fed. Cir. June 17, 2022); *Valspar Sourcing, Inc. v. PPG Indus., Inc.*, 780 F. App'x 917, 921 (Fed. Cir. 2019) (collecting cases); *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1370 (Fed. Cir. 2022) (vacating ITC decision). This Court also vacates the decision below under *Munsingwear* where an appeal becomes moot because the claims at issue can no longer be asserted. For example, it vacates PTAB decisions where the "claims [that] were at issue in the underlying IPR proceedings" were "deemed patent ineligible" in other proceedings. *Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1321 (Fed. Cir. 2020) (citing *Munsingwear*, 340 U.S. at 39-41). It also vacates agency decisions where the appeal becomes moot due to the "happenstance of [a] patent's expiration." *INVT*, 46 F.4th at 1370; *accord SynQor*, 2022 WL 2187567, at *2.

Express Mobile respectfully requests that this Court follow its "established practice" here and vacate the PTAB decision below. *Evans*, 694 F.3d at 1381. This appeal became moot due to the "happenstance" of other PTO proceedings resulting in cancellation of claim 1. *INVT*, 46 F.4th at 1370. This is not a case where *Munsingwear* vacatur arguably might not apply because Express Mobile caused the appeal to become moot by its own actions. *See U.S. Bancorp Mortg. Co. v. Bonner Mall*

*P'ship*, 513 U.S. 18, 24-26 (1994); *Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137 (Fed. Cir. 2021).

Vacatur also will serve *Munsingwear*'s purpose of ensuring that the Board's decision, now "unreviewable," does not "spawn[ ] any legal consequences." *Munsingwear*, 340 U.S. at 41. The other claims of the '397 patent, besides claim 1, were upheld by the PTO in the reexamination. *See In re: Express Mobile*, 2024 WL 2747287, at *2. Moreover, Express Mobile has appealed the Board's decision as to the related '168 patent (Case No. 23-1646). The '168 patent was not at issue in the reexamination, and that appeal is not moot. The prior art asserted in the Reexam Appeal, which resulted in cancellation of claim 1 of the '397 patent, is also different from the prior art asserted in this IPR Appeal and the prior art asserted in the '168 patent IPR proceedings. *Compare In re: Express Mobile*, 2024 WL 2747287, at *3-*4, *with* XMO.Br.20-29, *and* Opening Brief for Express Mobile at 19-25, Case No. 23-1646 (Fed. Cir. Oct. 27, 2023). Vacating the decision below will ensure that the PTAB's now-unreviewable determination as to claim 1 of the '397 patent is not asserted unfairly in future proceedings.

Finally, Express Mobile apologizes for the timing of this motion and any resulting inconvenience to the Court.

## **CONCLUSION**

The appeal should be dismissed, and the Board's decision should be vacated with instructions to dismiss.

January 21, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　<u>/s/ Jeffrey A. Lamken</u>
　　　　　　　　　　　　　　　　　　Jeffrey A. Lamken
　　　　　　　　　　　　　　　　　　　*Counsel of Record*
　　　　　　　　　　　　　　　　　　MOLOLAMKEN LLP
　　　　　　　　　　　　　　　　　　The Watergate, Suite 500
　　　　　　　　　　　　　　　　　　600 New Hampshire Avenue, NW
　　　　　　　　　　　　　　　　　　Washington, D.C.  20037
　　　　　　　　　　　　　　　　　　(202) 556-2000 (telephone)
　　　　　　　　　　　　　　　　　　(202) 556-2001 (facsimile)
　　　　　　　　　　　　　　　　　　jlamken@mololamken.com

　　　　　　　　　　　　　　　　　　*Counsel for Express Mobile, Inc.*

FORM 9. Certificate of Interest                                                    Form 9 (p. 1)
                                                                                   March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**CERTIFICATE OF INTEREST**

**Case Number** 23-1645

**Short Case Caption** Express Mobile, Inc. v. Meta Platforms Inc.

**Filing Party/Entity** Express Mobile, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/21/2025                          Signature: /s/ Jeffrey A. Lamken

                                          Name: Jeffrey A. Lamken

FORM 9. Certificate of Interest                                                    Form 9 (p. 2)
                                                                                   March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Express Mobile, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest                                      Form 9 (p. 3)
                                                                     March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable    ☐ Additional pages attached

| Aidan Brewster | Parham Hendifar | |
| Russell S. Tonkovich | Bridget A. Smith | |
| Hong S. Lin | David K. Wiggins | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

FORM 19. Certificate of Compliance with Type-Volume Limitations                    Form 19
                                                                                   July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-1645

**Short Case Caption:** Express Mobile, Inc. v. Meta Platforms, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑  the filing has been prepared using a proportionally-spaced typeface and includes __1,081__ words.

☐  the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐  the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/21/2025                    Signature: s/ Jeffrey A. Lamken

                                    Name: Jeffrey A. Lamken

Save for Filing